IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-CT-3053-FL

| | |
|---|---|
| ROLAND LEE WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| EDWARD BROWN; W.C. JARMAN; ) | |
| CAPTAIN ZIMMERMAN; HEAD ) | |
| NURSE JENNIFER JOHNSON;[1] AND ) | |
| ASSISTANT NURSE KATHY ) | |
| UNKNOWN, ) | |
| ) | |
| Defendants. ) | |

The matter is before the court on the motion to dismiss (DE # 20) pursuant to Federal Rules of Civil Procedure 12(b)(2), (4), (5), and (6) filed by defendant Head Nurse Jennifer Johnson ("Johnson") and Assistant Nurse Kathy Unknown ("Kathy"), which was fully briefed. Also before the court are plaintiff's motion to amend (DE # 24), motions to compel discovery (DE # 26, 32), motion for reconsideration (DE # 28), and motion to appoint counsel (DE # 31). Johnson filed a motion for a protective order (DE # 29) and a response to plaintiff's second motion to compel. Defendants did not respond to plaintiff's remaining motions. In this posture, these matters are ripe for adjudication.

A.   Motion to Amend

Plaintiff seeks to amend his complaint to supplement his allegations. Plaintiff requires leave

---

[1] Plaintiff referred to this party as Head Nurse Jennifer Unknown. This party informed the court that her correct name is Jennifer Johnson. The court hereinafter will refer to this party as Jennifer Johnson.

of court to amend his complaint. See Fed. R. Civ. P. 15(a). "Motions to amend are committed to the discretion of the trial court." Keller v. Prince George's County, 923 F.2d 30, 33 (4th Cir. 1991). A district court may deny a motion to amend a pleading "where the motion has been unduly delayed and where allowing the amendment would unduly prejudice the non-movant." Deasy v. Hill, 833 F.2d 38, 40 (4th Cir. 1987), cert. denied, 485 U.S. 977 (1988). The court finds that justice requires that plaintiff be permitted to amend his complaint, and his motion is GRANTED.

B.  Motion for Reconsideration

Plaintiff requests that the court reconsider its July 21, 2011, denial of his motion to appoint counsel. Plaintiff also filed a second motion to appoint counsel. As stated in this court's prior order, there is no constitutional right to counsel in civil cases, and courts should exercise their discretion to appoint counsel for pro se civil litigants "only in exceptional cases." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances justifying appointment of counsel depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296 (1989) (quoting Branch v. Cole, 686 F.2d 264 (5th Cir. 1982)); see also Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978) ("If it is apparent . . . that a pro se litigant has a colorable claim but lacks capacity to present it, the district court should appoint counsel to assist him."). Plaintiff's claim is not complex. Further, plaintiff has failed to demonstrate that his case is one in which exceptional circumstances merit appointment of counsel. Rather, plaintiff's pleadings demonstrate that he is capable of proceeding *pro se*. Thus, the court properly determined that appoint of counsel is not warranted for this action, and plaintiff's motion for reconsideration, and second motion to appoint counsel are DENIED.

2

C.  Motion to Dismiss

    1.  Johnson

Johnson asserts that she should be dismissed from this action pursuant to Federal Rule of Civil Procedure 12(b)(5) because plaintiff failed to effectuate proper service of process in accordance with Federal Rule of Civil Procedure 4. Proper service of process (or waiver of service under Fed. R. Civ. P. 4(d)) is necessary for the court to exercise personal jurisdiction over a defendant. See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999). Under Rule 4(m), if service of the summons and complaint is not made upon a defendant within one hundred twenty (120) days after the filing of the complaint, the court must dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time, unless the plaintiff can show good cause. Fed. R. Civ. P. 4(m).

Rule 4(e)(1) permits a plaintiff to serve individual defendants pursuant to the law of the "state in which the district court is located." Fed. R. Civ. P. 4(e)(1). The North Carolina Rules of Civil Procedure permit service "[b]y mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to the party to be served, and delivering to the addressee." N.C. Gen. Stat. § 1A-1, Rule 4(j)(1)(c). A plaintiff may deliver the documents to defendant's place of employment. See id.; Moore v. Cox, 341 F. Supp. 2d 570, 573 (M.D.N.C. 2004).

When a defendant challenges service by certified mail, a plaintiff must submit an affidavit stating that a copy of the summons and complaint was mailed and attach the return receipt indicating that service was received in accordance with N.C. Gen. Stat. § 1-75.10(a)(4). See Moore, 341 F. Supp. 2d. at 573. If the attached return receipt was signed by a person other than the addressee,

3

North Carolina presumes "that the person who received the mail . . . and signed the receipt was an agent of the addressee authorized by appointment or by law to be served or to accept service of process." N.C. Gen. Stat. § 1A-1, Rule 4(j2)(2); see Moore, 341 F. Supp. 2d. at 573; Fender v. Deaton, 130 N.C. App. 657, 662, 503 S.E.2d 707, 710 (1998). A party may rebut this presumption of valid service with "affidavits of more than one person showing unequivocally that proper service was not made upon the person of the defendant." Grimsley v. Nelson, 342 N.C. 542, 545, 467 S.E.2d 92, 94 (1996); see Moore, 341 F. Supp. 2d at 573.

In this case, the United States Marshal filed a return of service on Johnson indicating service on her at her place of employment via certified mail, return receipt requested. Johnson has not presented the "affidavits of more than one person," challenging service. Grimsley, 342 N.C. at 545, 467 S.E.2d at 94; see Moore, 341 F. Supp. 2d at 573. Because Johnson has not overcome the presumption of valid service under North Carolina law, the court DENIES her motion to dismiss without prejudice to the extent that it is based on improper service.

    2.    Kathy

Defense counsel Gregory Merritt ("Merritt") states that there was no nurse providing medical care at the Onslow County Jail by the name of Kathy during plaintiff's incarceration. Merritt further provides that the only other nurses that provided care to plaintiff during plaintiff's incarceration at the Onslow County Jail are Sonja Williams ("Williams") and Karen Gaje ("Gaje"). In response, plaintiff expressed an intent to sue Gaje, but stated that discovery is necessary to determine whether Williams should be added as a defendant in this action. In an effort to resolve this issue, defendants are DIRECTED to send plaintiff a copy of his medical records from the Onslow County Jail so that plaintiff may discover the proper party defendant. Based upon the

4

foregoing, the court DISMISSES Kathy from this action and adds Gaje as a defendant. Plaintiff may request leave of court to amend his complaint at a later date if he determines that Williams is a proper party to this action.

D.   Motions to Compel/Motion for Protective Order

Plaintiff filed two motions to compel defendants to provide him with discovery. Johnson filed a motion for a protective order requesting that the court stay discovery until it adjudicates her motion to dismiss. Because the court denied Johnson's motion to dismiss, her request that the court stay discovery pending the adjudication of her motion to dismiss is DENIED as moot.

Johnson alternatively requests that the court stay discovery pending its resolution of her affirmative defense of qualified immunity. Johnson, however, has not filed any motion presenting substantive argument as to why the case now should be dismissed on grounds of qualified immunity. Accordingly, Johnson's motion for protective order is HELD IN ABEYANCE for **thirty (30) days.** If Johnson wishes to request a stay of discovery based on the affirmative defense of qualified immunity, the burden rests on Johnson, within this period, to raise the issue for consideration through form of the appropriate motion, said motion to dismiss presenting substantive argument why the case now should be dismissed on grounds of qualified immunity. If this period lapses with no motion presenting substantive argument in accordance with the Local Civil Rules, Johnson's motion for protective order summarily will be denied, and the court will issue an initial order regarding planning and scheduling. Based upon the foregoing, plaintiff's motion for discovery and Johnson's motion for a protective order are HELD IN ABEYANCE for **thirty (30) days.**

In summary, defendants' motion to dismiss (DE # 20) is GRANTED as to Kathy, but is DENIED as to Johnson. The United States Marshal is DIRECTED to serve Johnson at the address

provided by counsel in her motion to dismiss (DE # 20). Plaintiff's motion to amend (DE # 24) is GRANTED. Plaintiff's motions to compel (DE # 26, 32) and Johnson's motion for a protective order (DE # 29) are held in abeyance for thirty (30) days. However, defendants are DIRECTED to send plaintiff a copy of his medical records from the Onslow County Jail. Finally, plaintiff's motion for reconsideration (DE # 28) and second motion to appoint counsel (DE # 31) are DENIED.

SO ORDERED, this the 3rd day of July, 2012.

LOUISE W. FLANAGAN
United States District Judge