IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-CT-3053-FL

| ROLAND LEE WILLIAMS, | ) | |
| --- | --- | --- |
| Plaintiff, | ) | |
| v. | ) | ORDER |
| EDWARD BROWN; W.C. JARMAN; CAPTAIN ZIMMERMAN; HEAD NURSE JENNIFER JOHNSON;[1] ASSISTANT NURSE KATHY UNKNOWN; AND KAREN GAJE, | ) | |
| Defendants. | ) | |

The matter is before the court on plaintiff's motions to compel discovery (DE # 26, 32, 43[2]), motion for summary judgment (DE # 35), and motion for leave to file an amended complaint (DE # 44). Also before the court is the motion for a protective order (DE # 29) filed by defendant Jennifer Johnson ("Johnson"). Johnson responded to plaintiff's second motion to compel, but plaintiff did not respond to Johnson's motion for a protective order. Plaintiff's motion for summary judgment was fully briefed, but defendants did not respond to plaintiff's remaining motions. In this posture, the issues raised are ripe for determination.

---

[1] Plaintiff referred to this party as Head Nurse Jennifer Unknown. This party informed the court that her correct name is Jennifer Johnson. The court hereinafter will refer to this party as Jennifer Johnson.

[2] Plaintiff captioned this motion as a motion to clarify order. The court construes this motion as a motion to compel discovery.

A.  Motion to Amend

Plaintiff seeks to amend his complaint to supplement his allegations and claims. Plaintiff requires leave of court to amend his complaint. See Fed. R. Civ. P. 15(a). "Motions to amend are committed to the discretion of the trial court." Keller v. Prince George's County, 923 F.2d 30, 33 (4th Cir. 1991). A district court may deny a motion to amend a pleading "where the motion has been unduly delayed and where allowing the amendment would unduly prejudice the non-movant." Deasy v. Hill, 833 F.2d 38, 40 (4th Cir. 1987), cert. denied, 485 U.S. 977 (1988). The court finds that justice requires that plaintiff be permitted to amend his complaint, and his motion is GRANTED.

B.  Plaintiff's Motion for Summary Judgment

Plaintiff brought this action *pro se* pursuant to 42 U.S.C. § 1983. Plaintiff alleges that defendants acted with deliberate indifference to his serious medical needs in violation of the Eighth Amendment to the United States Constitution during his incarceration at the Onslow County Jail in Jacksonville, North Carolina, from April 11, 2009, through January 12, 2010.

The party seeking summary judgment pursuant to Federal Rule of Civil Procedure 56(a) bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). In support of his *pro se* motion for summary judgment, plaintiff states the following:

> After the court has reviewed all documents, statements, and exhibits that I submitted to the court on March 16, 2011-thru-July 2, 2012, and the court find that I have a creditable defense, with enough evidence to prove negligence, without the requested discovery material, then I request that the court move for a trial. And if the court do not have enough evidence in my court file to back my claim, than I pray that the court will order the Defendants to produce the discovery material I requested from these defendants. If and when I

2

>     get the material I requested, I will be prepared to prove my complaint
>     to be fact and truth.

Pl.'s Mot. for Summary J. p. 2. Plaintiff's allegations reflect that his motion for summary judgment is more appropriately construed as a request for discovery. Accordingly, plaintiff has not met his burden for summary judgment purposes. Thus, plaintiff's motion for summary judgment is DENIED, and the court addresses plaintiff's discovery issues <u>infra.</u>

C.   Motions to Compel/Motion for a Protective Order

The court first addresses Johnson's pending motion for a protective order, in which she requests that the court stay discovery pending its resolution of her affirmative defense of qualified immunity. On July 3, 2012, the court entered an order addressing Johnson's motion and noting that she had not filed any motion presenting substantive argument as to why the case should be dismissed on grounds of qualified immunity. Accordingly, the court held Johnson's motion for a protective order in abeyance for thirty (30) days to allow her the opportunity to raise the affirmative defense of qualified immunity through a motion to dismiss presenting substantive argument why the case should be dismissed on grounds of qualified immunity. The court cautioned Johnson that if the thirty(30) day period lapsed without the submission of the appropriate motion, her motion for a protective order would be summarily denied. The thirty (30) day time period has lapsed, and Johnson has not filed the appropriate motion raising the affirmative defense of qualified immunity. Thus, Johnson's motion for a protective order is DENIED.

The court now turns to plaintiff's motions to compel. In their responses to plaintiff's motion for summary judgment, defendants state that they have provided plaintiff the materials he requested. Additionally, plaintiff's motions to compel fail to comply with Local Rule 7.1(c) of the Local Rules of Practice and Procedure, which state that "[c]ounsel must . . . certify that there has been a good

3

faith effort to resolve discovery disputes prior to the filing of any discovery motions." Local Civil Rule 7.1(c), EDNC. Finally, the court notes that it will direct the Clerk of Court to issued a case management order allowing discovery at the conclusion of this order. Accordingly, plaintiff's motions to compel are DENIED without prejudice.

In summary, plaintiff's motions to compel discovery (DE # 26, 32, 43) are DENIED without prejudice. Plaintiff's motion for summary judgment (DE # 35) is DENIED, but his motion for leave to file an amended complaint (DE # 44) is GRANTED. Johnson's motion for a protective order (DE # 29) is DENIED. The Clerk of Court is DIRECTED to issue an initial order.

SO ORDERED, this the 30th day of October, 2012.

_____
LOUISE W. FLANAGAN
United States District Judge