IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-CT-3053-FL

| | | |
|---|---|---|
| ROLAND LEE WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| EDWARD BROWN, W.C. JARMAN, CAPTAIN ZIMMERMAN, JENNIFER JOHNSON, KAREN GAJE, and NURSE KATIE, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

The matter is before the court on plaintiff's motions to compel (DE 63, 64, 81)[1] and motion to appoint counsel (DE 98). Defendants did not respond to plaintiff's motions. In this posture, the issues raised are ripe for determination.

The court begins with plaintiff's motions to compel discovery. Plaintiff's motions fail to comply with Federal Rule of Civil Procedure 37(a) and Local Rule 7.1(c) of the Local Rules of Practice and Procedure, which require that the movant certify that there has been a good faith effort to resolve discovery disputes prior to the filing of any discovery motions. Thus, plaintiff's motions to compel are DENIED.

The court now turns to plaintiff's motion to appoint counsel. There is no constitutional right to counsel in civil cases, and courts should exercise their discretion to appoint counsel for *pro se*

---

[1] Plaintiff captions his pleadings at (DE s 63, 64) as motions for reconsideration, but the court construes these filings as motions to compel discovery.

civil litigants "only in exceptional cases." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances justifying appointment of counsel depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296 (1989) (quoting Branch v. Cole, 686 F.2d 264 (5th Cir. 1982)); see also Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978) ("If it is apparent . . . that a pro se litigant has a colorable claim but lacks capacity to present it, the district court should appoint counsel to assist him."). Because plaintiff's claim is not complex, and where he has demonstrated through the detail of his filings he is capable of proceeding *pro se*, this case is not one in which exceptional circumstances merit appointment of counsel. Therefore, plaintiff's motion to appoint counsel is DENIED.

In summary, plaintiff's motions to compel (DE 63, 64, 81) and motion to appoint counsel (DE 98) are DENIED.

SO ORDERED, this the 29th day of July, 2013.

_____
LOUISE W. FLANAGAN
United States District Judge